UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAM DRAKE, | ) | 1:11-cv-02001 AWI MJS HC |
|       Petitioner, | ) | |
|   v. | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| SUZAN L. HUBBARD, et al., | ) | [Doc. 15] |
|       Respondents. | ) | |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California.

**I.     BACKGROUND**

      Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon pleading no contest to a number of violations, including rape, burglary, and receiving stolen property. (See LD No. 1.[1]) On February 17, 1994, Petitioner was sentenced to serve a determinate term of forty years and four months. (Id.) Petitioner did not appeal the judgment.

      Petitioner proceeded to file five petitions for writ of habeas corpus starting on December

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

29, 2009.² On November 18, 2011, the Court received Petitioner's federal habeas corpus petition.³ (Pet., ECF No. 1.) On February 22, 2012, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner filed two substantially similar objections to the motion to dismiss on March 23 and March 30, 2012. (Oppositions, ECF Nos. 19-20.)

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

---

² In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of the Rules Governing Section 2254 Cases. Here, Petitioner dated his first habeas corpus petition with a date later than the date upon which it was filed. Accordingly, Petitioner cannot benefit from the mailbox rule with regard to the petition.

³ While the petition was filed with the Court on November 23, 2011, the Court shall consider the petition filed on November 18, the date Petitioner presumably handed his petition to prison authorities for mailing.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on November 18, 2011, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1       Under § 2244(d)(1)(A), the limitations period begins running on the date that the
2  petitioner's direct review became final or the date of the expiration of the time for seeking such
3  review. In this case, Petitioner did not appeal his February 7, 1994 sentence. Accordingly, his
4  conviction became final 60 days later on April 18, 1994. Cal. Rules of Court 8.308(a); Mendoza
5  v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Because Petitioner's conviction became final
6  prior to the enactment of AEDPA, his one-year period for filing a habeas petition in federal
7  court began on AEDPA's effective date of April 24, 1996. Ford v. Pliler, 590 F.3d 782, 784 (9th
8  Cir. 2009); see Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir.
9  1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163
10 F.3d 530, 540 (9th Cir. 1998) (en banc).

11      Petitioner would have one year from April 24, 1996, absent applicable tolling, in which
12 to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the
13 instant petition until November 18, 2011, over fourteen years after the statute of limitations
14 period expired. Absent the later commencement of the statute of limitations or any applicable
15 tolling, the instant petition is barred by the statute of limitations.

16      **C.  Later Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(D)**

17      28 U.S.C. § 2244(d)(1)(D) states that the limitations period shall run from "the date on
18 which the factual predicate of the claim or claims presented could have been discovered
19 through the exercise of due diligence." The objective standard in determining when time
20 begins to run under Section 2244(d)(1)(D) is "when the prisoner knows (or through diligence
21 could discover) the important facts, not when the prisoner recognizes their legal significance."
22 Hasan v. Galaza, 254 F.3d 1150 (9th Cir. 2001), (quoting Owens v. Boyd, 235 F.3d 356, 359
23 (7th Cir. 2000)). "Section 2244(d)(1)(D) does not demand the maximum diligence possible, but
24 only 'due' or 'reasonable' diligence." Souliotes v. Evans, 622 F.3d 1173, 1178 (9th Cir. 2010)
25 (reversed on other grounds) (citing Starns v. Andrews, 524 F.3d 612, 618-19 (5th Cir. 2008);
26 Wilson v. Beard, 426 F.3d 653, 660-62 (3d Cir. 2005); Moore v. Knight, 368 F.3d 936, 939-40
27 (7th Cir. 2004); Wims v. United States, 225 F.3d 186, 190 n.4 (2d Cir. 2000)); see also Holland
28 v. Florida, 130 S. Ct. 2549, 2565 (2010); Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010);

DiCenzi v. Rose, 452 F.3d 465, 470 (6th Cir. 2006).

In his opposition, Petitioner states that his substantial delay in filing was due to "government interference in concealing and or destroying evidence" preventing him from discovering the factual predicate of his claim until some time in 2008. (Opposition, ECF No. 19, p. 3.)

The federal courts have a duty to construe pro se pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (citing Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (quotation omitted)). Accordingly, this Court shall consider if the limitation period should run from some time in 2008, the date Petitioner alleges the factual predicate was presented or could have been discovered.

Petitioner argues that due to government actors concealing and destroying evidence, he was not able to determine that his 1994 plea bargain was breached until some time in 2008. Specifically, Petitioner attributes the delay in learning of the breach of the plea agreement to the failure of the government to return personal property seized from him at the time of his arrest. Beyond claiming that the government prevented him from discovering that his personal property was not returned, Petitioner provides no explanation as to why the claims did not become discoverable until 2008. He includes no information as to what personal property went unreturned, what records were destroyed or concealed, or what efforts he undertook to discover the withholding of property or the breach of the plea agreement in the proceeding fourteen years.

Petitioner's claims lack merit. Even assuming he was denied access to some of his personal property, it is not plausible to claim it took over a decade to discover that fact. Petitioner has provided no evidence of any attempts to discover the property or its concealment during that time. According to Petitioner's opposition, he filed many more petitions and requests than suggested by Respondent, but he does not show that any petitions were filed or other action taken between 1998 to 2008. Petitioner has not provided any information suggesting he used reasonable diligence, in the form of filing inquiries, drafting correspondence, or otherwise attempting to discover if his personal property was returned

during the over fourteen years after his conviction.

On May 14, 2012, Petitioner, filed an *ex parte* request to conduct discovery of the records of the police and district attorney. (ECF No. 21.) Based on Petitioner's conclusory statements, the Court finds that it would not be in the interest of justice to allow Petitioner to conduct discovery on this issue.

For the foregoing reasons, Petitioner is not entitled to a later commencement of the statute of limitations period under 28 U.S.C. § 2244(d)(1)(D) and his petition remains untimely. Additionally, the Court finds that Petitioner has not provided good cause to conduct discovery regarding allegedly concealed or destroyed records in support of his claim of statutory tolling. Petitioner's *ex parte* request for an order to produce, inspect, or copy records is likewise denied.

### D.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, the statute of limitations began to run on April 24, 1996. According to the state court records provided by Respondent, Petitioner filed his first petition for collateral relief, in the form of a petition for writ of habeas corpus, in December 2009. (Lodged Doc. 2.) This filing

1  occurred over fourteen years after the limitations period expired in April, 1997. State petitions
2  filed after the expiration of the statute of limitations period shall have no tolling effect.
3  Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the
4  reinitiation of the limitations period that has ended before the state petition was filed.").

5  According to Petitioner's opposition, his motion for the return of seized property was
6  granted on August 31, 1998. (Pet., Ex. 5; Opp'n, p. 2.) Even assuming that the action was a
7  properly filed petition for collateral relief and afforded tolling, Petitioner asserts that he did not
8  file another action regarding his conviction until more than ten years later on December, 2008.
9  (Id.) As the limitations period would have expired no later than 1999, his petitions filed in 2008
10 or later would not serve to toll the already expired limitations period. Ferguson, 321 F.3d 820.

11 Accordingly, even providing Petitioner the latest commencement of the limitations
12 period possible, the limitations period began on August 31, 1998, and expired on September
13 1, 1999. The present petition was filed on November 23, 2011, over eleven years after the
14 expiration of the year statute of limitations period. The instant federal petition is untimely.

15 **E.    Equitable Tolling**

16 The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)
17 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
18 stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62(2010); quoting Pace v.
19 DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace,
20 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not
21 presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to
22 the benefit of equitable tolling and his petition remains untimely.

23 **III.   CONCLUSION**

24 As explained above, Petitioner failed to file the instant petition for Habeas Corpus within
25 the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner was not entitled to
26 a later commencement of the statute of limitations period. While entitled to the benefit of
27 statutory tolling, the petition remains untimely. Finally, Petitioner is not excused from timely
28

U.S. District Court
E. D. California

-7-

filing due to equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## IV.     RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     June 28, 2012                             /s/ *Michael J. Seng*
                                                     UNITED STATES MAGISTRATE JUDGE